UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DILCIA MEJIA FLORES,

Petitioner,

v.                                                    CAUSE NO. 3:26-CV-408-CCB-SJF

SAM OLSON, et al.,

Respondents.

## OPINION AND ORDER

Immigration detainee Dilcia Mejia Flores, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging she is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Ms. Mejia Flores is a native of Honduras who entered the United States without inspection. (ECF 7-2 at 3.) She asserts, without contradiction by the government, that she has been living in Elkhart, Indiana since 2021.[1] (ECF 1 at 10.) In March 2026, she was arrested by local law enforcement in Indiana for driving without a license. (ECF 7-2 at 3.) After posting bond for that offense, she was taken into custody by Immigration and Customs Enforcement (ICE) agents. (*Id.*) She was in an Indiana detention facility when she filed the petition, but has since been transferred to a detention facility in Kentucky

---

[1] It is evident from immigration records that she was in the United States as of 2023, because a Notice to Appear was issued against her at that time and subsequently dismissed without prejudice for unknown reasons. (ECF 7-2 at 3.)

pending the resolution of her removal proceedings.[2] She claims that her detention without an opportunity for bond violates applicable statutes and the Fifth Amendment's Due Process Clause. She seeks release from custody or a bond hearing before an immigration judge. (ECF 1, 8.)

In an order to show cause, the court directed the respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Warden answered the petition (ECF 7), and Ms. Mejia Flores filed a reply (ECF 8).

The respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Ms. Mejia Flores is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because she entered the country without inspection and has never been legally admitted. (ECF 7.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025)

---

[2] Her transfer to another facility does not deprive the court of jurisdiction over the case since there are respondents still within this jurisdiction, and the parties raise no argument related to her transfer. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021).

(Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States years after their arrival.[3] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Ms. Mejia Flores who are arrested within the United States years after their arrival. That leads the court to 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the alien; and (2) may release the alien on (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole" (in plain terms, release on one's own recognizance) until removal proceedings conclude. 8 U.S.C. § 1226(a).

---

[3] The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, ___F.4th___, 2026 WL 819258 (8th Cir. Mar. 25, 2026), reaching a different conclusion about the scope of § 1225(b)(2). These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

Here, Ms. Mejia Flores acknowledges that she was arrested pursuant to a warrant in accordance with § 1226(a). (ECF 8 at 6.) However, she has not been given an opportunity for a bond hearing before an immigration judge because officials view her as ineligible for bond under § 1225(b)(2). (ECF 7.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide her with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The respondents argue that the court should not grant Ms. Mejia Flores any relief until she exhausts all available administrative channels, including filing a motion for bond with an immigration judge and appealing any adverse ruling to the Board of Immigration Appeals. (ECF 7 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Ms. Mejia Flores argues that it would be futile to pursue a request for bond within the agency in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status in the United States are subject to mandatory

detention under 8 U.S.C. § 1225(b)(2). (ECF 8 at 3-4.) The court agrees, because it is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like Ms. Mejia Flores as categorically ineligible for bond.

Recent proceedings in a case out of California suggest that *Hurtado* remains a barrier to relief for petitioners like Ms. Mejia Flores. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, *In re Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit recently stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a custody redetermination motion filed by an individual like Ms. Mejia Flores, who is outside of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Therefore, Ms. Mejia Flores is entitled to a bond hearing in accordance with 8 U.S.C. § 1226 and its implementing regulations. If the government does not provide her with an individualized bond hearing by the deadline below, then she must be released, because her continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

Because the court concludes that she is entitled to relief as a matter of statutory law, the court does not reach her alternate argument that her detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").

The court also does not reach her argument that the government should bear the burden of proving that she is not entitled to release at any individualized bond hearing that occurs. (ECF 1 at 10, 14.) This conflicts with usual procedures, which provide that "[t]o secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." *Johnson*, 594 U.S. at 527. At this point, it is unclear how the government intends to proceed now that the court has determined Ms. Mejia Flores cannot be held without bond under 8 U.S.C. § 1225(b)(2). It may decide to release her, or if an individualized bond hearing is held, she may prevail before an immigration judge or be able to obtain relief with the Board of Immigration Appeals. Without a prior denial of bond on the merits that is alleged to be erroneous, the court leaves the parties to follow the usual process under § 1226.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and **ORDERS** the respondents to release Dilcia Mejia Flores on or before **April 24, 2026**, unless she is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Grayson County Jail to secure compliance with this order; and

(3) **ORDERS** the respondents to file proof of compliance with this order by **April 27, 2026.**

SO ORDERED on April 16, 2026

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT